Mark C. Manning
MARK C. MANNING, P.C.
1000 O'Malley Road., Ste. 202
Anchorage, Alaska 99515
(907) 278-9794 fax 278-1169
manning@alaska.net
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| COASTAL MARINE FUND, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>JOHN P. LYMAN, )<br>)<br>        Defendant. )<br>_____ ) | Case No. 3:11-cv- |

### COMPLAINT

Coastal Marine Fund alleges the following for its Complaint *in personam*:

    1.      This is a diversity action, over which this court has jurisdiction pursuant to 28 U.S.C. §1332. If it is determined that diversity jurisdiction does not exist, then Plaintiff would invoke this court's jurisdiction pursuant to U.S. admiralty and maritime law and 28 U.S.C. § 1333. This case would then be an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has ancillary jurisdiction over the Alaska law-based tort claim arising from the service covered by the maritime contract at issue.

    2.      Venue is proper in the District of Alaska because the work on which this claim is based was performed in Alaska, the fire that arose from the negligent prosecution of the work occurred in and damaged the property at issue in Alaska, and Defendant is and at all times relevant was an Alaskan resident.

    3.      Coastal Marine Fund is a Washington state-based insurance pool, organized under Washington law. The organization exists in part to enable the member commercial fishing vessel owners to share the risk of damage to their vessels by means of a fund comprised of contributions by the members for the payment of repairs and related expenses in accord with the organization's By-laws. The Fund's place of business is Edmunds, Washington.

4.    John P. Lyman resides in Kodiak, Alaska, and at all times relevant did business as a sole proprietor, under the business name Northern Welding and Repair.

5.    At all times relevant to this matter, Family Pride, Inc., was a member of the Coastal Marine Fund, and owned the steel-hulled commercial fishing vessel FAMILY PRIDE.  By reason of its membership, and the By-laws governing the Fund, Family Pride, Inc., was at all times relevant entitled to recover from the Fund reimbursement of certain repair and other costs incurred by reason of the damage at issue to FAMILY PRIDE, subject to a $20,000.00 deductible.

6.    In or about May 2011, Family Pride, Inc., contracted with Northern Welding and Repair for modification work to be performed by Northern Welding and Repair on the FAMILY PRIDE while it was hauled out at Fuller's Boatyard in Kodiak during a window of opportunity between fishing seasons.  This work required that Northern Welding cut through the vessel's steel plate hull. On the interior of the steel plate in the area where the cutting was to occur was an insulating layer of rigid foam, faced with plywood. On information and belief, on or about May 15, 2011, Northern Welding's employee, Tandy Ford-Roberts, undertook to cut through the hull with an oxy-acetylene torch after inspecting the prepared area, determining preparations were adequate, and giving instructions to a FAMILY PRIDE crewman for the deployment of a fire-resistant blanket.  The blanket was deployed as Ford-Roberts directed.

7.    While Ford-Roberts was using the torch to cut the steel hull, the heat and/or flame from the torch ignited flammable material on the inside of the hull, resulting in extensive fire damage.  The fire occurred because Northern Welding made inadequate provisions  to avoid exposing flammable material inside the hull to heat and/or flame generated by the torch.  These inadequacies included, but were not necessarily limited to, inadequate protection of the exposed face of the foam insulation around the periphery of the area in which cutting was to occur and not requiring that the foam insulation be cut away further from the area to be cut in preparation for the work.

8.    The Fund has reimbursed Family Pride, Inc., and/or paid on Family Pride, Inc.'s behalf, repair and related expenses totaling $247,960.79.  This figure is exclusive of Family Pride, Inc.'s deductible, which the Fund does not seek to recover for Family Pride, Inc.  A claim for additional expenses is anticipated, for repairs that have been deferred until the conclusion later this year of  FAMILY PRIDE's fishing activities.  The Fund's payment of these expenses renders it subrogated to Family Pride, Inc.'s right to recover for the damages paid.

/

*Coastal Marine Fund v. Lyman*
Case no. 3:11-cv-                                        2

## COUNT 1

9.     Ford-Roberts' inadequate provisions to avoid fire breached the implied warranty of workmanlike performance in the contract between Family Pride, Inc., and Northern Welding.  This breach was a legal cause of the fire.

## COUNT 2

10.     The Fund realleges the allegations in paragraphs 1 through 8.

11.     Ford-Roberts was negligent in executing the work, including, but not necessarily limited to, making inadequate provision to avoid fire.  That negligence was a legal cause of the fire. Northern Welding is vicariously liable for the repair and related costs incurred in repairing the fire damage.

WHEREFORE, Coastal Marine Fund requests judgment against Defendant awarding the following relief:

1.     the sum of $247,960.79, together with additional sums to be paid, in amounts to be proven at trial;

2.     pre-judgment interest;

3.     costs and legal fees incurred in prosecuting this action: and

4.     such other and further relief as the Court may deem just and proper in the premises.

DATED this 19th day of October, 2011, at Anchorage, Alaska.

   s/ Mark C. Manning
   MARK C.  MANNING, P.C.
   Counsel for Plaintiff
   431 West 7th Avenue, Ste. 204
   Anchorage, AK 99501
   Phone: (907) 278-9794
   Fax: (907) 278-1169
   manning@alaska.net
   ABA No. 8110066
